UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

                                        DECISION and ORDER

-vs-

                                        10-CR-6172 CJS

AUDREY THOMAS,

                Defendant.

_____

      This case was referred by order of the undersigned, dated August 31, 2010, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). Defendant filed an omnibus pretrial motion seeking, *inter alia*, an order dismissing the one count indictment as duplicitous, an order striking DNA collection pursuant to 42 U.S.C. § 14135a(a)(1)(A) and C.F.R. § 28.12(b) as unconstitutional, and an order requiring the government to provide a bill of particulars. On February 14, 2011, Magistrate Judge Payson filed a Report and Recommendation ("R&R") (#19) recommending that the Court deny defendant's motion to dismiss the indictment as duplicitous, as well as her application to strike DNA collection as unconstitutional, and her application for a bill of particulars. Defendant timely filed objections (# 22) to the R&R on March 28, 2011.

      Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo*

review of the R& R and after considering the defendant's objections, the Court accepts the proposed findings and recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R (#19), the defendant's motion (#10) to dismiss the indictment as duplicitous, her motion to strike DNA collection as unconstitutional, and her motion for a bill of particulars are denied.[1]

IT IS SO ORDERED.

Dated: April 27, 2011
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[1] As to the DNA sample, the court notes that *United v. Ruben Mitchell,* 681 F. Supp. 2d 597 (W.D. Pa. 2009), upon which the defendant relies, is currently on appeal to the Third Circuit under Docket # 09-4718. A Third Circuit panel heard oral argument on March 25, 2010, and on October 20, 2010, Chief Judge McKee of the Third Circuit ordered that the case be heard *en banc* at the convenience of the Court. Subsequent to this order, the *en banc* argument took place on February 23, 2011. An examination of the Third Circuit docket shows that several *amicus curiae* briefs have been filed in this case. On March 7, 2011, at the direction of the Court, the Clerk of the Third Circuit issued a letter to all counsel, asking whether the challenge to the statute, 42 U.S.C. § 14135a(a)(1)(A), and regulation, 28 C.F.R. § 28.12, as presented and ruled upon by the District Court and as presented to the Third Circuit, was a facial challenge, an as-applied challenge, or both. Mitchell's counsel was directed, and *amicus* counsel favoring his position were invited, to respond by March 14, 2011. The government was given until March 25, 2011 to file an answer. One *amicus* counsel, the Federal Public Defender's Office for the Western District of Pennsylvania, obtained a two week extension of the deadline, and filed its response on March 28, 2011. However, Mitchell's counsel failed to comply with the Third Circuit's direction, and on April 21, 2011, a further order was issued giving Mitchell's counsel until April 28, 2011 to file a response or show cause why he should not be sanctioned for failing to do so.